## 70270. MYERS v. THE STATE.
(333 SE2d 424)

BENHAM, Judge.

In this appeal from his conviction of driving under the influence of alcohol, appellant contends that the trial court erred in permitting the jury to consider as evidence the result of a blood alcohol test. The two grounds on which appellant's arguments are based are that the State failed to prove the identity of the person who drew the blood for the test, and that the State failed to prove that the person who drew the blood was qualified to do so under OCGA § 40-6-392 (a) (2), which requires that the blood be drawn only by a physician, registered nurse, laboratory technician, or other qualified person.

Appellant's arguments are without foundation in the record. The arresting officer testified that he was present when a nurse named Logan drew the blood for the blood alcohol test from appellant. Ms. Logan testified that on the date in question she was employed at the hospital where appellant was taken; that she is a registered nurse; and that her regular duties included drawing blood for alcohol tests, a task she has performed several thousand times in her ten years of employment at the hospital.

There being no evidence in the record to contradict the testimony of the officer that Ms. Logan drew the blood or the testimony of Ms. Logan that she is a registered nurse, we find that those facts have been established by the evidence and that, therefore, OCGA § 40-6-392 (a) (2) has been complied with. That being so, appellant's enumerations of error are without merit.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED JULY 9, 1985.

*Ray Gary, Jr.*, for appellant.
*Patrick H. Head, Solicitor, Gregory M. McConnell, Assistant Solicitor*, for appellee.